Our next case for argument is United States v. Njos, Appeal No. 21-3412. Ms. Christensen. Good morning. Good morning. May it please the court, counsel. My name is Joanna Christensen, and I represent Mr. Njos on appeal from his revocation of supervised release. Mr. Njos did not waive his right to be present for imposition of sentence upon revocation in this case. Rule 32.1 provides that the defendant has the right to be present for revocation proceedings. In LeBlanc, this court held that the defendant could waive his revocation hearing, but did not mention the sentencing hearing portion of revocation. In Thompson, this court held that appearance was mandated for the judge and the defendant to be in the same courtroom. Now, of course, in the COVID era, we have a situation where videoconferencing is used regularly, and that was the issue in Thompson. But that was not an issue here. The district court said, you don't have to be here for this, and I will impose sentence in a written order. The right to be present cannot be waived. This court should hold that based on Rule 32.1 and the Due Process Clause. Does that mean that if a defendant just absolutely refuses to come to court to hear his sentence face to face, he can never be sentenced? No, Your Honor. And although I think that there's an argument that that's the case, because while Rule 43 has that exception, Rule 32.1 does not. However, I think that that exception can be read into Rule 32.1 and a combination of Rule 43, which this court has looked at in cases like Thompson, but ultimately made the decision under Rule 32.1. There are going to be cases where a defendant either behaves in such a way that he cannot be in court or refuses to come to court, whatever reason. That is not this case. So in this case, the court should hold that there was no waiver, even if the court does not find that I'm asking, that waiver can never be. Ms. Christensen, I will just tell you, I'm inclined generally to agree that this should not be waivable in the district court. The problem I have is with whether it's been waived on appeal by your client himself in his pro se submission. Because an appellant can waive lots of non-waivable issues by not presenting them on appeal. Sure, Your Honor, and that makes my argument difficult. I understand. Mr. Nas and I have had quite a few conversations, which, of course, I won't disclose the substance of those. But as I indicated in my reply brief, this was the product of our conversations. He's got his concerns, which this court allowed for him to brief. I still think that this is a viable issue for him personally and in general. And for him personally, success would allow him to address the things that he wants to address pro se. The consecutive nature of the sentence, the length of the sentence, and we would get to the same end. What do you mean you'd get to the same end? Are you saying that on remand the district judge could not give him a sentence higher than what he received? No. Isn't that a problem? I think in general it's a problem. Let's say we agreed with you and disagreed with your client and we remanded for new sentencing and he got more time. Then what? Especially when he's standing at sentencing saying, I don't want to be here. Did I take you to mean that it just means Mr. Nas has the opportunity to air these things with the court that he did not have the opportunity to air because he was not in the room? Right. So, yes, Your Honor. He could, because of the stacking of sentences, get a much longer sentence. I think it's unlikely in this case. It's always unlikely. I think it's always unlikely. What if there was a different judge, a different district judge who saw the case differently? Then we have a problem because we have a client saying, I don't want this. Right. And we have a lawyer saying you should have it because it's better for you. And what if he's right and you're wrong? But is he saying he doesn't want it or is he saying he does want to be re-sentenced, but for his reasons? Right. He wants to be re-sentenced. He wants to be re-sentenced for the reasons, he wants this court to make holdings about the way the statute works that are not possible under the court's case law. And I hate to undermine his arguments. We understand. We understand. His bottom line is he would like to be re-sentenced. In the end, if I'm successful in my issue, the result is the same. He will be re-sentenced. As to your point, Judge Kirsch, this is a significant sentence. 82 months on top of 25 years in state court. I think it's highly I think it's highly unlikely this judge would like that. Oh, I could see that. I mean, I don't know what 25 years means in the Illinois state courts. I don't know what that means. I mean, that could mean five years in behind bars. I think it means 80% because of the nature of the crime, but... Yeah, I don't know. I'm just saying, I don't know. Yeah. Yeah. Yeah. So I think we are in an interesting situation. I also think in general, like for other defendants, where the court says something like this to a defendant, you don't have to be here for this. It's offensive kind of to the basic general concept of due process is being eyeball to eyeball with the judge when he imposes a sentence of 82 months consecutive to your state sentence to 25 years. I think that is something that has to be in person. This didn't come out of a clear blue sky, though, right? The defendant was wanting to get back to the state prison, correct? Yes. Yes. And he wanted the process to move along further. He objected to the government bifurcating or asking to bifurcate the hearing. And the judge said, yes, this will get you back. Except then the judge said, no, but you're still in federal custody until I enter that order. And so it didn't really make a difference. The court said, I can get you back in three weeks. It was three weeks before he entered the order. I don't know if that's necessarily the court's to blame. Things happen. Things happen. What is your view on what we are required to do? Appointed counsel says, this is the issue to consider. Client says, I don't want the court, representing himself in that letter, I don't want the court to consider this issue. But appointed counsel has not been relieved of her appointment. Both briefs are properly before the court. Who do we listen to on this ultimate question of waiver that Judge Hamilton has asked about? I think that's difficult. I think with me still being defense counsel, it's ultimately the defense attorney's decision which issues to raise on appeal. I have been in situations where the client says, no, I don't want to raise that issue. And it's an issue that will be guaranteed, such as withdrawing a guilty plea with a favorable plea agreement. I think because the end result, if either one of us are successful, pro se or me, is the same, I don't understand Mr. Nasr's reason not to raise this issue and to raise the other issues that he's raising, because I think the ultimate result can be the same. But I do recognize that he has said multiple times that he does not want to raise this issue. And if the court chooses to make that decision, that he has waived it on appeal, saying I don't want to raise this. Do we have any authority to make that decision where there is still appointed counsel in the case? I would say yes, because you're the court. You have the authority to tell me, no, you're wrong. No, that's not an issue. And he has said in his own language that he doesn't want to raise it. So I think the court does have that authority. I'm not entirely sure. It's a new position for me. But I think the court does have the authority to do that. Thank you. So I see I'm into my rebuttal. Unless the court has questions, I'll answer to the government later. Thank you, Ms. Christensen. Mr. Fullerton. Good morning. May it please the court. As Judge Hamilton pointed out, this issue of waiver didn't come out of the clear blue sky with Mr. Nose at his revocation hearing. This was a suggestion by that he wanted to get on with his state court sentence of 25 years in a state institution, the Illinois Department of Corrections, where he could receive mental health treatment that he sought. This was brought up by Mr. Nose at least a couple of times over the course of these repeated revocation hearings. And that was the thought that it appears that the district court was trying to meet Mr. Nose's desire to get out of federal custody back to state custody where he could get mental health treatment. Now, Mr. Nose, by that time at the end of the November 9th hearing, had aired all of his issues that he wanted to present, having to do with the permissible sentence under the statutes governing revocation, having to do with his conduct that led to the revocation, having to do with his mental health, and so on, and also had addressed whether the sentence on revocation should be consecutive or concurrent to his state sentence. So there appeared to be nothing left for Mr. Nose to say at the revocation proceeding. Isn't that the key issue, or a key issue? You have to use the word there appeared, because you can't know for sure. You don't know what Mr. Nose or his counsel might have said had they been present at the imposition of the sentence. Right. Can't know. And that was... I mean, why could they not have just walked into court and the judge say, counsel, I've decided upon the following sentence. Is there any objection as to why that sentence should not be given under the law? The hearing is over. Couldn't that, would that have been a proper hearing at that point in the proceedings? This absolutely could have been done. I mean, the judge could have... No error, right? No error. The judge could have done exactly what he did, namely go off the bench, consider the hearings, consider the papers, consider the filings, formulate a sentence, and then come back at a hearing with Mr. Nose present and simply announce the sentence. That would have not, you know, without giving Mr. Nose no more argument at that point. Haven't we also as a court encouraged courts to ask, have I addressed all of the arguments in mitigation, even at a revocation sentence, not just at a general sentencing? I'm sorry, I couldn't hear you. Haven't we also encouraged district courts to ask, have I addressed all of the arguments in mitigation? And this remains true at a revocation sentencing, not just a general sentencing. Right. And there's case law that... As but one example. There's case law that requires district courts to consider all the mitigating arguments at sentencing, including on revocation proceedings. But remember that the revocation hearing in its entirety was capable of being waived. Every aspect of this revocation proceeding could be waived. The rules provide that the preliminary hearing on revocation can be waived and the revocation hearing itself in its entirety can be waived. Mr. Nose clearly waived portions of his procedural safeguards at the revocation hearing, right to counsel, right to dispute the evidence, right to present evidence of his own, and so on. And clearly, it's not like once it's in the rule, it can't be waived. And there is no corollary in Rule 32.1 to what's in Rule 43, a requirement. I mean, the first sentence of Rule 43 says, unless otherwise provided, a defendant must be present at his sentencing. In Rule 32.1, it's nowhere near emphatic. In fact, as I said, the revocation proceeding in its entirety can be waived according to the rule. Here, where we think it was waived, if it wasn't waived, it was certainly forfeited. Mr. Nose never objected to it at the time. Can I ask you the same question I appointed counsel says, here's an issue. The client says, I don't want you to address that issue. But appointed counsel has not been relieved. Appointed counsel is still appointed by the court representing the client in this case. I think appointed counsel is in a difficult position. But these issues are personal to Mr. Nose. What he wants to raise, what he doesn't want raised, these are decisions typically that are left to the client, aren't they? I mean, not necessarily. But it's a problem. Yeah. I don't have experience being a defense attorney. So I hesitate to wade into that issue. But Mr. Nose has not only said, I don't want her to raise it. But he's also stated in this court, in docket number 27, I waived it in the district court. In fact, the judge did what I wanted him to do, namely, expedite the hearing. He thought he would get back to IDOC more quickly. But my question was a broader one. You don't have any authority you're appointing us to for our decision on the appellate waiver issue. I don't. I'm sorry I don't. So if it wasn't waived, I think it was forfeited. Mr. Nose has not identified any kind of whether, you know, how his substantial rights would have been affected had he been present at the pronouncement of his sentence. Clearly, he had said at length in the November 9th hearing all that he intended to say regarding mitigation and consecutive versus concurrent and so on. It's his burden to show that his substantial rights would have been affected. And he hasn't done so. So I'd ask that the court affirm Mr. Nose's sentence on his revocation. Unless the court has any other questions. Thank you. Thank you very much. Ms. Christensen. Thank you. I think the question was, wasn't it over? It wasn't over. What I didn't get to talk about in the opening was that the district court hadn't read the original PSR, the only PSR that had been prepared, because he was not the district court judge the first time around. He also hadn't read five psych evaluations prior to making his decision. I think with those major chunks missing before the court had a chance to make a decision that Mr. Nose should have, or any defendant should be eyeball to eyeball to the court. There's a reason that we prefer in-court proceedings where the parties are present, particularly when you're going to sentence someone to prison. I'm not sure there's any authority, none that I could find, that you can waive the entire hearing. I don't think Rule 32.1 speaks to that. And this court certainly hasn't held that. In LeBlanc, where it said you could waive the revocation hearing, the defendant still had a full portion of the hearing. He had waived the revocation proceedings because he had admitted them. That's a fairly common procedure, is that the defendant comes and says, yes, I have committed these violations, and then the court proceeds to sentencing. But they still get the full panoply of rights from Rule 32.1. So unless the court has further questions, I am more than happy to brief the issue about the waiver on appeal. However, I'm not entirely sure I would judge that. So thank you, Your Honor. Thank you, Ms. Christensen. Thank you, counsel. The case will be taken under advisement.